# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES D. WARD,

    **Plaintiff,**

    vs.                                                CIV No. 99-411 JP/RLP

CITY OF LAS CRUCES,
JAMES BONNELL, and
ANTHONY LUNA,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 14, 1999, Defendants filed "Defendants' Motion to Dismiss" (Doc. No. 8). On June 16, 1999, Plaintiff filed a "Motion to Amend Complaint and Memorandum in Support Thereof," (Doc. No. 12). On June 16, 1999, Plaintiff also filed a "Motion to Strike and Memorandum in Support Thereof," (Doc. No. 14).

Plaintiff filed his "Motion to Amend Complaint and Memorandum in Support Thereof," under FED. R. CIV. P. 15(a) seeking to amend his complaint "to state his factual allegations in more detail, and to remedy defense allegations of deficiencies in the complaint." (Mo. at 1.) Defendants concede that they will not be prejudiced by the amendment of Plaintiff's complaint at this early state in the proceeding, although they contend that amendment will be futile because Plaintiff's proposed amended complaint fails to adequately remedy the deficiencies of his original complaint.

Rule 15(a) states in relevant part that "a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P.

1

15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend under FED. R. CIV. P. 15(a) is within the discretion of the trial court, although it is an abuse of discretion to deny a motion to amend without providing justification. *Id*.

Having reviewed the briefs and Plaintiff's "Proposed First Amended Complaint for Damages for Violation of Constitutional Rights," I conclude that Plaintiff should be granted leave to amend his complaint, but not in the form of Plaintiff's "Proposed First Amended Complaint for Damages for Violation of Constitutional Rights." Instead, Plaintiff's amended complaint should contain separate counts for *each* individual claim; each count should clearly identify the specific constitutional or statutory provision that Defendant or Defendants allegedly violated, the precise nature of the claim, the date on which the claim or claims arose, which Defendant or Defendants allegedly committed the act or acts underlying the claim, and whether any claim alleged against Defendant Bonnell or Defendant Luna is brought against him in his individual or official capacity. For instance, any due process claim should be made in a separate count specifying whether it is a procedural due process claim or a substantive due process claim, which Defendant or Defendants is the subject of the claim, the alleged act or acts that gave rise to the claim, the date on which the alleged act or acts occurred and, if the claim is for procedural due process, what is the Plaintiff's protected property interest. Plaintiff's amended complaint should be filed and served to the Court no later than October 6, 1999.

Having determined that Plaintiff's "Motion to Amend Complaint and Memorandum in Support Thereof" should be granted, I conclude that "Defendant's Motion to Dismiss" and Plaintiff's "Motion to Strike and Memorandum in Support Thereof" should be denied as moot.

IT IS THEREFORE ORDERED that:

1. "Defendant's Motion to Dismiss," (Doc. No. 8), is DENIED as moot;

2. Plaintiff's "Motion to Amend Complaint and Memorandum in Support Thereof," (Doc. No. 12), is GRANTED; Plaintiff has leave to file an amended complaint in accordance with the specific instructions set forth above by no later than October 6, 1999; and

3. Plaintiff's "Motion to Strike and Memorandum in Support Thereof," (Doc. No. 14), is DENIED as moot.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE